IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUL -8  A 9: 56

| | |
|---|---|
| CUMMINGS INCORPORATED, )<br>THE INTERNATIONAL SIGN SERVICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIMAC CONSTRUCTION )<br>INCORPORATED, )<br>)<br>Defendant. ) | Case No. 1:05cv637-T |

## COMPLAINT

Plaintiff Cummings Incorporated, The International Sign Service ("Cummings" or the "Plaintiff"), for its Complaint in this action states as follows:

### The Parties

1. Plaintiff Cummings is a Tennessee corporation with its headquarters located in Nashville, Tennessee. Plaintiff Cummings is the assignee of the accounts at issue in this litigation.

2. Defendant Simac Construction Incorporated ("Simac" or the "Defendant") is, on information and belief, a California corporation with its corporate headquarters located in Escondido, California.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy herein, exclusive of interest and costs, exceeds $75,000 and citizenship is

1122001.1

diverse. The Court has personal jurisdiction and venue over this Defendant and the claims asserted in this action.

**Factual Background**

4.  Collins Signs, Inc. ("Collins Signs") was an Alabama corporation that formerly manufactured commercial signage at its facility in Dothan, Alabama for numerous customers, including Simac.

5.  In or before 2003, prior to Collins Signs' bankruptcy proceeding, Simac requested and Collins Signs agreed to manufacture and install signage at certain commercial construction projects. Collins Signs invoiced Simac for the signage that it manufactured and installed, including but not limited to invoices 27827, 28064, 29793, 29835, 29991, 30241, and 30246 (the "Invoices") which Collins Signs issued to Simac. Simac made partial payment to Collins Signs on some of the Invoices. Simac had not made complete payment of the Invoices to Collins Signs prior to their assignment to Cummings.

6.  On or about March 4, 2003, three creditors of Collins Signs filed an involuntary bankruptcy petition (the "Involuntary Petition") against Collins Signs in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court"). Collins Signs voluntarily agreed to relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on or about March 24, 2003. Collins Signs continued to operate as a debtor-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, until Collins Signs' bankruptcy case converted to a case under Chapter 7 of the Bankruptcy Code on or about March 18, 2004.

7.  Prior to the filing of the Involuntary Petition, Cummings and Collins Signs negotiated the sale of selected assets of Collins Signs to Cummings (the "Sale"), as more fully

described in an asset purchase agreement, as amended (the "Asset Purchase Agreement"), entered into between Cummings and Collins Signs. The assets to be sold to Cummings included certain of Collins Signs' trade accounts receivable and other accounts or notes receivable payable to Collins Signs (the "Accounts Receivable"), including the Invoices payable by Simac.

8. The Involuntary Petition was filed on the eve of the closing of the Sale and, as a result, the closing was delayed until Collins Signs, as a debtor-in-possession, could obtain court approval of the Sale.

9. On April 4, 2003, Collins Signs filed a motion with the Bankruptcy Court to approve the Asset Purchase Agreement and Sale, pursuant to Section 363 of the Bankruptcy Code (the "Sale Motion"). The Bankruptcy Court held a hearing on the Sale Motion on or about April 29, 2003. The Bankruptcy Court approved the Asset Purchase Agreement and Sale, and entered an order approving the Sale on or about May 5, 2003.

10. The Sale closed on or about May 8, 2003, on or about which date Cummings paid the Adjusted Purchase Price (as defined in the Asset Purchase Agreement) for the Assets, including the Invoices.

11. As of May 8, 2003, Collins Signs assigned the Accounts Receivable to Cummings as evidenced by a Bill of Sale executed as of that date. Thereupon, the Invoices payable by Simac, as account debtor, were purchased by and assigned to Cummings, as assignee.

12. Thereafter, despite repeated requests by Cummings, Simac has failed to make any further payment on the Invoices.

13. Simac owes Cummings for unpaid amounts of the Invoices. True and correct copies of the Invoices are attached hereto as <u>Collective Exhibit A</u>. In addition, Simac owes

Cummings for time-price differential charges, costs, and expenses. Cummings make further claim for attorney's fees, if and to the extent permitted under applicable law.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, and respectfully requests:

1. That the Court award Plaintiff a judgment against the Defendant for the unpaid Invoices;

2. That the Court award Plaintiff its costs and attorney's fees incurred in bringing and defending this action, to the fullest extent allowed under applicable law;

3. That the Court award Plaintiff time price differential charges and/or pre- and post-judgment interest, to the fullest extent allowed under applicable law;

4. That the Court award court costs against the Defendant;

5. That the Court award such other, further, and general relief as the Court deems appropriate or to which Plaintiff shows itself entitled.

///

///

///

///

///

///

///

///

///

Respectfully submitted,

*[signature]*

William C. Carn, III
LEE & McINISH, P.C.
238 West Main Street
Dothan, AL 36302
Telephone: (334) 792-4156
Facsimile: (334) 794-8342
E-mail: wcarn@leeandmcinish.com

Robb S. Harvey (Tenn. BPR #11519) (*pro hac vice* pending)
Derek W. Edwards (Tenn. BPR #21455) (*pro hac vice* pending)
WALLER LANSDEN DORTCH & DAVIS, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219-8966
Telephone: (615) 244-6380
Facsimile:  (615) 244-6804
E-mail: rharvey@wallerlaw.com
& derek.edwards@wallerlaw.com

Attorneys for Cummings Incorporated, The International Sign Service