IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CUMMINGS INCORPORATED,<br>THE INTERNATIONAL SIGN SERVICE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  1:05 CV 637 |
| SIMAC CONSTRUCTION<br>INCORPORATED, | ) ) ) | |
| Defendant. | ) ) | |

**ANSWER PRESENTING DEFENSES OF SIMAC CONSTRUCTION, INC.**

Defendant SIMAC Construction, Inc. (hereinafter "defendant") hereby states its answer and affirmative defenses to plaintiff's complaint as follows:

First Defense

Plaintiff's complaint is due to be dismissed because this Court lacks personal jurisdiction over the defendant.  Defendant does not have constitutionally sufficient minimum contacts with the State of Alabama to subject it to suit in this forum.

Second Defense

Plaintiff's complaint is due to be dismissed because this action was brought in an improper venue.  Defendant does not reside in this judicial district, no events or omissions giving rise to the claim occurred in this district, and defendant is not subject to personal jurisdiction in this district as required for venue to be proper under 28 U.S.C. § 1391 (a).

Case 1:05-cv-00637-MHT-VPM    Document 6    Filed 08/19/2005    Page 2 of 6

<u>Third Defense</u>

Plaintiff's complaint is due to be dismissed on grounds of insufficiency of process.

<u>Fourth Defense</u>

Plaintiff's complaint is due to be dismissed on grounds of insufficiency of service of process.

<u>Fifth Defense</u>

Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

<u>Sixth Defense</u>

Without waiving any of the foregoing defenses, defendant responds to the allegations of the complaint paragraph by paragraph as follows:

1.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2.     Defendant admits the allegations of paragraph 2 of the complaint.

3.     Defendant denies the allegations of paragraph 3 of the complaint.

4.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5.     Defendant admits that it submitted work orders to Collins Signs, that Collins Signs invoiced it for certain signage, and that payments were made to and on behalf of Collins Signs.  Defendant denies all other allegations of paragraph 5 of the complaint.

2

6.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

12.    Defendant denies the allegations of paragraph 12 of the complaint.

13.    Defendant denies the allegations of paragraph 13 of the complaint.

Defendant denies plaintiff is entitled to a judgment for unpaid invoices, costs, attorney's fees, time price differential changes, interest, or any other relief in this action.

<u>Seventh Defense</u>

Defendant avers Collins Signs failed to pay subcontractors, including but not limited to Image Source Signs, LLC and Lights of Las Vegas, Inc., who had been hired by Collins Signs to work on defendant's projects. As a direct and proximate result of Collins Signs' breach of contract, defendant was called upon to pay these subcontractors directly to avoid construction liens for unpaid work on its projects. Defendant avers it is entitled to a set off for all such amounts paid to subcontractors of Collins Signs.

3

Case 1:05-cv-00637-MHT-VPM    Document 6    Filed 08/19/2005    Page 4 of 6

<u>Eighth Defense</u>

Defendant avers it paid privilege taxes and other taxes on behalf of Collins Signs to governmental entities, including but not limited to the State of Arizona, to enable Collins Signs to be involved in defendant's projects. Defendant avers it is entitled to a set off for all such amounts paid for privilege taxes and other taxes on behalf of Collins Signs.

<u>Ninth Defense</u>

Defendant avers that it was over billed by Collins Signs in that many amounts set forth in the invoices were greater than the agreed-upon contract price or approved change orders. Defendant avers that, if it is liable to plaintiff at all, it does not owe plaintiff for any amount greater that the agreed-upon contract price or approved change orders.

<u>Tenth Defense</u>

Defendant pleads the defense of payment to the extent that the invoices submitted by Collins Signs were, in fact, paid by defendant.

<u>Eleventh Defense</u>

Defendant avers that plaintiff's claims are barred by accord and satisfaction.

<u>Twelfth Defense</u>

To the extent that plaintiff claims that defendant owes any amounts not evidenced by a signed writing, defendant pleads the statute of frauds.

<u>Thirteenth Defense</u>

Defendant avers that plaintiff lacks standing to assert the claims made the basis of this action.

Case 1:05-cv-00637-MHT-VPM    Document 6    Filed 08/19/2005    Page 5 of 6

Fourteenth Defense

Plaintiff's complaint fails to state the date or dates on which the claims made the basis of this action accrued.  As such, defendant pleads the defense of the statute of limitations to the extent it may apply.

Fifteenth Defense

Defendant pleads the defense of waiver.

Sixteenth Defense

Defendant pleads the defense of estoppel.

/s/ Dan Talmadge_____
Dan Talmadge
Bar Number: ASB 8932-M37J
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE & JONES, LLC
Post Office Box 1649
Dothan, Alabama 36302
Tel:  (334) 792-1420
Fax:  (334) 673-0077
E-mail:  dtalmadge@mcatlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 19th day of August 2005, mailed a copy of the foregoing, properly addressed and postage prepaid to the following:

Bill Carn, Esquire
LEE & McINISH, P.C.
238 West Main Street
Dothan, Alabama 36302


/s/ Dan Talmadge
Dan Talmadge