IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CUMMINGS INCORPORATED, THE INTERNATIONAL SIGN SERVICE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:05 CV 637 ) |
| SIMAC CONSTRUCTION INCORPORATED, | ) ) ) |
| Defendant. | ) |

## ORDER ON PRE-TRIAL HEARING

A pretrial hearing was held in this case on August 4, 2006, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

    For the Plaintiff Cummings Incorporated, the International Sign Service:

    William C. Carn, III
    LEE & McINISH, P.C.
    P. O. Box 1665
    Dothan, Alabama 36302

    and

    Derek W. Edwards
    WALLER, LANSDEN, DORTCH & DAVIS
    511 Union Street
    Nashville, Tennessee 37219

    For the Defendant Simac Construction Incorporated:

    Dan Talmadge
    MORRIS, CARY, ANDREWS,
    TALMADGE, JONES & DRIGGERS, LLC
    3334 Ross Clark Circle
    Dothan, Alabama 36303

COUNSEL APPEARING AT PRETRIAL HEARING:

For the Plaintiff Cummings Incorporated, the International Sign Service:

William C. Carn, III
LEE & McINISH, P.C.
P. O. Box 1665
Dothan, Alabama 36302

For the Defendant Simac Construction Incorporated:

Same as trial counsel.

2. JURISDICTION AND VENUE:

Plaintiff contends this Court has subject matter jurisdiction pursuant 28 U.S.C. § 1332 in that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and citizenship is diverse. Plaintiff further contends this Court has personal jurisdiction over Defendant and venue is proper in this action.

Defendant agrees that the citizenship of the parties is diverse and Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. Defendant contends this Court lacks personal jurisdiction over it and that venue is improper.

3. PLEADINGS:

The following pleadings and amendments were allowed:

Plaintiff's Complaint

Answer Presenting Defenses of Simac Construction, Inc.

4. CONTENTIONS OF THE PARTIES:

(1) Plaintiff's Contentions:

Plaintiff hereby adopts and incorporates herein its previously filed Complaint.

Plaintiff contends that in or before 2003, Defendant requested and Collins Signs agreed to manufacture and install signage at certain commercial construction projects. Plaintiff contends that Collins Signs invoiced Defendant for the signage it manufactured and installed. Plaintiff contends that Defendant made partial payment to Collins Signs on some of the invoices, but that complete payment was not made.

Plaintiff contends that it bought selected assets of Collins Signs, including certain of Collins Signs' trade accounts receivable, including the invoices payable by Defendant. As of May 8, 2003, Collins Signs assigned the accounts receivable to Plaintiff as evidenced by a Bill of Sale executed as of that date. Thereupon, the invoices payable by Defendant, as account debtor, were purchased and assigned to Plaintiff, as assignee. Thereafter, despite repeated requests by Plaintiff, Defendant has failed to make any further payments on the invoices.

Plaintiff contends that Defendant owes Plaintiff for the unpaid amounts of the invoices. Plaintiff contends that Defendant owes Plaintiff for time-differential charges, costs and expenses. Plaintiff contends that Defendant owes Plaintiff attorney's fees to the extent permitted under applicable law.

(2)     Defendant's Contentions:

Defendant hereby adopts and incorporates herein its previously filed Answer to Plaintiff's Complaint. In its Answer, Defendant denies the material allegations of the Complaint and raises various defenses.

Defendant contends that to prevail on its claim in this action Plaintiff must prove the existence of a contract between Defendant and Collins Signs, performance by Collins Signs, Defendant's failure to perform, resulting damage to Collins Signs and that Plaintiff has the right to

assert the claims of Collins Signs. Defendant denies that Collins Signs substantially performed its contractual obligations and that Plaintiff has the right to assert the claims of Collins Signs.

Defendant contends this Court lacks personal jurisdiction over it because it does not have constitutionally sufficient minimum contacts with the State of Alabama to subject it to suit in this forum. Defendant is a California corporation having its principal place of business in Escondido, California. All of Defendant's officers are residents of California. Defendant is not licensed nor has it ever been licensed to do business in Alabama. Defendant has no office or employees in Alabama, owns no real property in Alabama and does not provide services in Alabama. Defendant submitted purchase orders to Collins Signs and Collins Signs agreed to manufacture and install signage at commercial construction projects in Arizona. No officer or other representative of Defendant visited Alabama in connection with this transaction. Defendant remitted payments for signage on the projects at issue to a Collins Signs address in Pittsburgh, Pennsylvania.

Defendant contends this action was brought in an improper venue because Defendant does not reside in this judicial district, no events or omissions giving rise to the claim occurred in this district and Defendant is not subject to personal jurisdiction in this district.

Defendant contends it was over-billed by Collins Signs in that some amounts set forth in the invoices at issue in this action where greater than the agreed-upon contract price or approved change orders. If Defendant is liable at all to Plaintiff, it does not owe Plaintiff for any amount greater than the agreed-upon contract price or approved change orders less applicable set-offs. The amount over-billed appears to be $13,338.54.

Defendant contends it paid privilege taxes and other taxes on behalf of Collins Signs to governmental entities, including the State of Arizona, to enable Collins Signs to be involved in

Defendant's projects. Defendant is entitled to a setoff for all such amounts paid for privilege taxes and other taxes on behalf of Collins Signs. Collins Signs billed Defendant for at least $6,822.54 in sales taxes that Defendant paid.

Defendant contends it made payments on the invoices at issue in this case. Defendant paid Collins Signs the sum of $91,565.48 for work done on the Mesa, Peoria and Phoenix projects. To the extent that this work is reflected in the submitted invoices, Defendant is entitled to a credit for its prior payments.

Defendant contends that Collins Signs materially breached its agreement with Defendant by failing to pay its subcontractors and suppliers thus requiring Defendant to pay those subcontractors and suppliers directly to avoid liens on Defendant's projects. Collins Signs' breach of agreement excused Defendant from further performance and constituted a waiver of Collins Signs' right to receive payment from Defendant.

Defendant contends that the doctrine of estoppel prohibits Plaintiff from requiring further performance under the agreement between Collins Signs and Defendant in light of the fact that Collins Signs previously waived its rights under the agreement, Defendant relied on the waiver and Defendant would be materially harmed if Plaintiff was not bound by the waiver.

Defendant contends that Collins Signs intentionally relinquished its right to receive payment for the full amount of the submitted invoices when it materially breached its agreement and required Defendant to pay its subcontractors and suppliers. Defendant contends that its payment of Collins Signs and its subcontractors and suppliers constituted an accord and satisfaction of the disputed debt between Defendant and Collins Signs.

Defendant contends it is entitled to a setoff against Plaintiff's claim for all amounts paid to Collins Signs' subcontractors and suppliers. Defendant paid Image Source Signs, LLC the sum of $50,514.50 for work performed on the Mesa, Peoria and Phoenix projects on behalf of Collins Signs. Defendant paid Lights of Las Vegas the sum of $5,043.58 for work performed on a project in Las Vegas on behalf of Collins Signs.

Defendant contends that Plaintiff's action is subject to the statute of frauds because it alleges that Defendant failed to make payment on a contract for the sale of goods with a price of $500.00 or more. To the extent that Plaintiff claims that Defendant owes any amounts to it not evidenced by a writing signed by Defendant, Defendant pleads the statute of frauds.

Finally, Defendant contends that Plaintiff lacks standing to assert the claims of Collins Signs because the court-approved Asset Purchase Agreement produced by Plaintiff appears to exempt the accounts receivable at issue in this case from the list of assets purchased by Plaintiff. If the right to sue for recovery of the accounts receivable was retained by Collins Signs, then Plaintiff has no right to sue Defendant in this action.

5.   STIPULATIONS BY AND BETWEEN THE PARTIES:

None at this time.

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last three (3) days, is set for September 11, 2006, at 10:00 a.m., at the federal courthouse in Dothan, Alabama;**

(2) The parties are to file proposed findings of fact and conclusions of law by no later than September 6, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is

noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 7th day of August, 2006.


                /s/ Myron H. Thompson
           UNITED STATES DISTRICT JUDGE